**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL BAEZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:18-cv-01842 |
| | ) | |
| vs. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| ACCOUNT RECOVERY SOLUTIONS, LLC | ) | |
| PICCIONE RINKER MANAGEMENT, LLC | ) | |
| CAPITAL LINK MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PICCIONE RINKER MANAGEMENT, LLC'S MOTION TO DISMISS**

**INTRODUCTION**

On March 13, 2018, Plaintiff Daniel Baez ("Plaintiff") filed a Complaint against Defendants Account Recovery Solutions, LLC ("ARS"), Piccione Rinker Management, LLC ("PRM") and Capital Link Management ("CLM") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and violation of the Illinois Consumer Fraud and Deceptive Practices Act ("IFCA"). (Dkt. 1). As set forth herein, Plaintiff's Complaint against PRM should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because PRM does not meet the FDCPA's definition of "debt collector" as a matter of law. Accordingly, the Complaint fails to state a claim against PRM and it should be dismissed.

**FACTUAL BACKGROUND**

The Complaint alleges that in December 2017, Plaintiff began receiving calls to his cellular phone from ARS seeking to collect a debt. (Dkt. 1, ¶¶ 9, 12). Plaintiff asserts that ARS threatened to have Plaintiff arrested if he refused to the pay the subject debt. (Dkt. 1, ¶12). Plaintiff contends he requested information in writing regarding the subject debt, but did not receive any such information. (Dkt. 1, ¶¶ 13, 15). The Complaint alleges that after making payments on the subject

debt, Plaintiff contacted his bank and canceled the card used to make such payments. (Dkt. 1, ¶¶ 12, 14, 15). Plaintiff asserts that CLM sent him a letter, dated February 19, 2018, with the heading "Receipt of Final Payment For Account Paid In Full" and indicating a zero dollar balance. (Dkt. 1, ¶ 16). Plaintiff alleges that the letter sent by CLM was confusing. (Dkt. 1, ¶¶ 19, 20, 21, 22). The Complaint contends that on February 20, 2018, a final payment was withdrawn from Plaintiff's bank. (Dkt., 1 ¶ 18).

Notable, Plaintiff does not allege that PRM participated in or otherwise exercised any control over the collection process at any time or in any manner. Plaintiff alleges that PRM is a "debt collector" on the basis that "it regularly purchases debts and uses the mail and/or the telephones to collect delinquent consumer accounts." (Dkt. 1, ¶ 32). However, Plaintiff also alleges that PRM "buys consumer debt and utilizes ARS and CLM as its debt collector to service defaulted debts." (Dkt., ¶ 8).

## ARGUMENT

I. **Plaintiff's Complaint should be Dismissed Pursuant to FED. R. CIV. P. 12(b)(6) Because the Complaint Fails to State a Claim Against PRM**

Plaintiff's Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because the Complaint fails to state a cause of action as PRM does not meet the FDCPA's definition of "debt collector" as a matter of law.

### A. The FDCPA Only Applies to Debt Collectors

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Said differently, the FDCPA only applies to and governs the conduct of debt collectors. *See e.g.,* Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) ("[i]ndividuals who do not otherwise meet the statutory definition of

'debt collector' cannot be held liable under the Act") (citation omitted).  The FDCPA defines the term "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  In order for PRM to be held liable for the conduct of its alleged debt collectors under the FDCPA, the Plaintiff must allege and prove that PRM meets the FDCPA's definition of debt collector.  *See e.g.,* Pettit, 211 F.3d at 1059; Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 325 (7th Cir. 2016) (while a debt collector can be liable for the acts of its agents, "[o]n the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all") (citations omitted); *see also,* Kasalo v. Trident Asset Mgmt., LLC, 53 F. Supp.3d 1072, FN1 (N.D. Ill. 2014) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000)); Gold v. Midland Credit Mgmt., Inc., 82 F. Supp.3d 1064, 1072-73 (N.D. Cal. 2015).

**B.      PRM is Not a "Debt Collector" as Defined by the FDCPA**

There are generally two ways a defendant can qualify as a "debt collector" under the FDCPA: (1) where the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;" or (2) where the defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

**i.      The Supreme Court's June 2017 Decision in *Henson* Establishes that Debt Purchasers such as PRM Do Not Meet the FDCPA's Second Definition of "Debt Collector"**

In June 2017, the United States Supreme Court addressed the issue of whether individuals and entities who purchase debts originated by someone else and then seek to collect those debts

for their own account satisfy the FDCPA's definition of "debt collector." *See* Henson v. Santander Consumer USA, Inc., ___ U.S. ___, 2017 WL 2507342, *2 (June 12, 2017). In its decision, the Court noted that there is no dispute that the term "debt collector" generally covers someone hired by a creditor to collect an outstanding debt and generally does not cover creditors who seek only to collect for themselves on loans they originated. Id. at *2. Of importance to the present motion, the Supreme Court additionally determined that entities who purchase debts originated by someone else, who then seek to collect those debts for their own account, do not qualify as "debt collectors" under the second statutory definition of "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. In reaching its decision, the Supreme Court expressly refused to consider the first statutory definition of "debt collector"—those engaged "in any business the principal purpose of which is the collection of any debts." Id. at *3.

Here, Plaintiff's Complaint alleges that PRM, as owner of Plaintiff's account, is liable for the conduct of ARS, which was allegedly acting as PRM's debt collector in regard to Plaintiff's account. (Dkt. 1, ¶¶ 8, 32). However, pursuant to the Supreme Court's decision in Henson, debt purchasers, such as PRM, can never qualify as a "debt collector" under the second statutory definition because such an entity is not, as a matter of law, collecting or attempting to collect "debts owed or due or asserted to be owed or due ***another***." Id. at *3 ("[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another'").

In the present case, PRM retained ARS to collect on Plaintiff's account. (Dkt 1., ¶ 8). Accordingly, in order to state a claim against PRM herein, Plaintiff must plausibly allege that PRM meets the alternate, "principal purpose" definition of "debt collector." As set forth below, Plaintiff has failed to do so because the Complaint is devoid of any factual allegation that PRM took any

4

steps to directly collect on Plaintiff's account or takes efforts to directly collect on any debt it owns.

### ii. PRM, a Purchaser of Debts, can Never Meet the Statutory Definition of Debt Collector

As noted above, the Complaint does not allege that PRM took any steps to directly collect on Plaintiff's account. When a party only owns an account, does not take affirmative action to collect on the account and contracts with a third-party for collection efforts, it cannot meet the first statutory definition of debt collector—that its principal business purpose is the collection of debts. *See* Kasalo, 53 F. Supp.3d 1072; Schneider v. JTM Capital Management, LLC, Case No. 6:16-cv-2057-JR (D. Or. March 22, 2018) (Russo, MJ.)[1]; McAdory v. M.N.S. Assoc., LLC, 2017 WL 5071263 (D. Or. Nov. 3, 2017) *reconsideration denied* McAdory v. M.N.S. Assoc., LLC, 2018 WL 1258482 (Mar. 11, 2018); Gold, 82 F. Supp.3d 1064; *see also*, McCready, 453 F.3d at 889 ("[t]o be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt"); Grier v. Simmons & Clark Jewelers, 2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) (a creditor does not become a debt collector simply because it hires a debt collector to collect its debts); Challenger v. Experian Info Solutions, Inc., 2007 WL 895774 (D. N.J. Mar. 22, 2007) (a creditor can place the debts it owns in collections without becoming a debt collector itself); Kloth v. Citibank (S.D.), 33 F. Supp.2d 115, 119 (D. Conn. 1998) (Citibank is not a debt collector under the FDCPA merely because it retains a collection agency to collect its debts).

Recently, in McAdory, the district court in Oregon granted a debt buyer's motion to dismiss finding it could never meet the statutory definition of debt collector as a matter of law. There, the defendant debt buyer moved to dismiss the complaint arguing that it could not be held liable under

---

[1] A copy of the decision in Schneider v. JTM Capital Management, LLC is attached to the Declaration of Brendan H. Little

the FDCPA because it could never meet the FDCPA's definition of "debt collector because it merely buys defaulted accounts but takes no affirmative action to collect on them." McAdory, 2017 WL 5071263 at *2. Relying primarily on Kasalo and Gold, the district court stated:

> I find [defendant's] argument persuasive. The Courts in Kasalo and Gold present the most straightforward reasoning in interpreting the 'principal purpose' definition of debt collector at issue here. Debt purchasing companies . . .who have no interaction with debtors and merely contract with third-parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA.

Id. at * 3. The district court noted that, just because a business "benefits from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts." Id. Furthermore, the court determined that, "[w]hen looking at the various activities punished under the FDCPA, it becomes clear that what Congress was concerned with, and intended to regulate, was the *interaction* between a debt collector and consumer . . . [g]iven this, there is little to suggest that a company which only purchases debt and then contracts with a third party for all actual collection activity was considered by Congress when it was drafting the FDCPA." Id. (emphasis in original).

In Schneider, the plaintiff conceded the only evidence she had to demonstrate that the defendant debt-buyer was a debt collector as defined by the statute was a letter from the third party debt collector that the defendant-debt buyer was a the owner of the plaintiff's account. In rejecting plaintiff's argument that a passive debt buyer fails within prong one of the definition of debt collector - principal purpose - the district court granted summary judgment to the defendant debt buyer again determining that a passive debt buyer cannot meet the definition of debt collector because a passive debt buyer does not "collect" on the debt.

In <u>Kasalo</u>, this Court granted the defendant-debt buyer's motion for summary judgment and dismissed the complaint because the defendant did not perform collections and instead hired others to do so. <u>Kasalo</u>, 53 F. Supp.3d at 1077. The defendant did not send any letters or make any telephone calls. <u>Id.</u> at 1079. The defendant's name was on a letter sent to the plaintiff, but the collection agency with whom the defendant contracted with sent the letter and made all of the collection efforts. <u>Id.</u> In holding that the defendant was not a debt collector and dismissing the FDCPA claim against it, this Court stated "[a]n entity that acquires a consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview." <u>Id.</u> at 1078-79.

In <u>Gold</u>, the defendant-debt purchaser moved for summary judgment dismissing the plaintiff's FDCPA claim because it engaged in no direct or indirect efforts to collect on the plaintiff's account and was only involved in the debt buying business. <u>Gold</u>, 82 F. Supp.3d at 1071. The District Court for the Northern District of California found that the record was devoid of any evidence that the defendant attempted to communicate with consumers. The court noted that the plaintiff offered no evidence to suggest that the defendant's business was debt collection and that instead "[p]laintiff would have the Court fill in the gap with an inference that because [the defendant] is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts." <u>Id.</u> at 1071. Finding that "[i]n the absence of evidence showing a purpose to collect on those debts, [p]laintiffs legal arguments are insufficient to create a triable issue of fact," the court held that the debt purchaser did not have the principal purpose of collecting debts and thus was not a "debt collector" under the FDCPA. <u>Id.</u>

Here, Plaintiff's Complaint is devoid of any factual allegation that PRM sent Plaintiff a letter, contacted Plaintiff on the telephone or attempted to collect on Plaintiff's account in any manner. In addition, the Complaint lacks any factual basis for asserting that PRM is in the business

of debt collection. To the contrary, like the facts in <u>McAdory</u> and <u>Schneider</u>, the Complaint affirmatively alleges that PRM, the debt buyer, affirmatively hired ARS to collection on the subject account and did not take any affirmative collection efforts. (Dkt. 1, ¶ 8). In light of the fact that the Complaint only alleges that PRM is a passive debt buyer, PRM can never meet the statutory definition of a debt collector and the Complaint should be dismissed in its entirety.

### iii. Plaintiff has Failed to Plausibly Allege that PRM's "Principal Purpose" is Debt Collection

As stated above, in order to state a claim against PRM, Plaintiff's Complaint must plausibly allege that PRM meets the statutory definition of "debt collector." As set forth above, PRM has already demonstrated that it does not, as a matter of law, qualify as a debt collector under the second statutory definition because it does not collect or attempt to collect "debts owed or due or asserted to be owed or due another." Similarly, Plaintiff's Complaint fails to plausibly allege that the principal purpose of PRM's business is debt collection and, therefore, Plaintiff's Complaint should be dismissed.

Pursuant to the plausibility pleading standard established by the Supreme Court, Plaintiff has the burden of pleading factual content sufficient to allow the Court to draw the reasonable inference that PRM is a debt collector and is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 557).

District Courts within the state of Illinois have consistently dismissed complaints where the allegations in a complaint failed to plausibly allege that the defendant is a debt collector. *See* <u>Rosales v. Weltman, Weinberg & Reis Co.</u>, 2017 WL 1436957, *2 (N.D. Ill. Apr. 24, 2017); <u>Foster</u>

v. PHH Mortgage, 2016 WL 6647925, * 2 (N.D. Ill. 2016); Reid v. Am. Traffic Solutions, Inc.,

2010 WL 5289108 (S.D. Ill. 2010); *see also,* Challenger, 2007 WL 895774 at * 1-2.

Notably absent from the Complaint are any factual allegations sufficient to plausibly allege

that PRM's principal purpose is debt collection such that it can be held vicariously liable for ARS's

alleged violation of the FDCPA. For example, the Complaint is devoid of any allegation that PRM

took any steps or measures to directly collect on any debt at any time. In fact, the factual basis for

Plaintiff's Complaint is based entirely on the other defendants' conduct. More specifically, Plaintiff

contends he received telephone calls and a collection letters from ARS and CLM. (Dkt. 1, ¶¶ 9-

17). The Complaint fails to allege that Plaintiff had even a single communication with anyone

from PRM at any time or that he was even aware of PRM's existence during the time period

referenced in the Complaint. Similarly, Plaintiff does not allege that PRM exercised any direction

or control over ARS's collection activities.

Simply put, the Complaint contains mere conclusory allegations regarding PRM's status

as a debt collector. According to the decisional authority cited above, these types of conclusory

allegations are insufficient to state a claim against PRM. Consequently, Plaintiff's Complaint

should be dismissed in its entirety.

## II. The Complaint Fails To Allege PRM Violated The Illinois Consumer Fraud And Deceptive Practices Act.

"To state a claim under the ICFA, Plaintiffs must allege five elements: (1) a deceptive act

or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the

deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff

sustained actual damages, and (5) such damages were proximately caused by the defendant's

deception." Armbrister v. Pushpin Holdings, LLC, 896 F. Supp. 2d 746, 754 (N.D. Ill. 2012).

Importantly, "[c]omplaints alleging deceptive practices in violation of the ICFA must be plead with sufficient particularity under FED. R. CIV. P. 9(b), while those alleging unfair practices need only meet the notice pleading standards of FED. R. CIV. P. 8(a)." *Id.*

The Complaint alleges all defendants – not any specific defendant - engaged in **both** unfair and deceptive practices in violation of the ICFA. (Dkt. 1, ¶¶ 48, 49) (emphasis supplied). The Complaint alleges that all defendants made misrepresentations and used threats and harassment in violation of the ICFA. (Dkt. 1 ¶¶ 48-57). However, the Complaint fails to allege any specific threat or deceptive action taken by PRM.

As previously discussed, the factual basis for Plaintiff's Complaint is based entirely on ARS's and CLM's conduct. Plaintiff alleges he received telephone calls and collection letters from ARS and CLM, **not** from PRM. (Dkt. 1, ¶¶ 9-17). The Complaint does not allege that Plaintiff ever communicated with anyone from PRM. The Complaint contains only conclusory allegations regarding PRM's violations of the ICFA. (Dkt 1, ¶¶ 47-57).

In addition, "[w]hen the plaintiff is a private party as [Baez] is here, an action brought under the ICFA requires the plaintiff to show he suffered "actual damage" as a result of the defendant's violation of the act…In a private ICFA action, the element of actual damages "requires that the plaintiff suffer actual pecuniary loss." Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 739 (7th Cir. 2014). Plaintiff has not plausibly pleaded with particularity actual damages in the form of pecuniary loss.

The Complaint's general assertions that *all* Defendants violated the ICFA is precisely the type of vague pleading condemned by the Supreme Court in Twombly and Iqbal. Given that Plaintiff's Complaint fails to articulate any factual basis that PRM violated the ICFA, this claim must also be dismissed.

10

## CONCLUSION

In light of the foregoing, Defendant Piccione Rinker Management respectfully requests an

Order of this Court granting its Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), together

with such other and further relief as the Court deems just and proper.

DATED:     May 7, 2018

                      LIPPES MATHIAS WEXLER FRIEDMAN LLP

                      /s Brendan H. Little
                      Brendan H. Little, Esq.
                      Attorneys for Defendant
                      Piccione Rinker Management, LLC
                      50 Fountain Plaza, Suite 1700
                      Buffalo, New York 14202
                      P: 716-853-5100
                      F: 716-853-5199
                      E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing Motion via the CM/ECF system, which should then send notification of such filing to all counsel of record.

                      /s Brendan H. Little
                      Brendan H. Little, Esq.