**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DANIEL BAEZ, | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-01842 |
| ACCOUNT DISCOVERY SYSTEMS, LLC a/k/a ACCOUNT RECOVERY SOLUTIONS, LLC, PICCIONE RINKER MANAGEMENT, and CAPITAL LINK MANAGEMENT, | |
| Defendants. | |

**DEFENDANT ACCOUNT DISCOVERY SYSTEMS, LLC'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Account Discovery Systems, LLC, by and through its attorneys, Lippes Mathias

Wexler Friedman LLP, answering the Amended Complaint, on information and belief:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action seeking redress for violations of the Fair Debt Collection

Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer

Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/l et seq.

**Response**:      The allegations in Paragraph 1 constitute conclusions of law, to which no

response is required. To the extent that a response is required, Defendants deny each and every

allegation in Paragraph 1.

**JURISDICTION**

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28

U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

**Response**:      The allegations in Paragraph 2 constitute conclusions of law, to which no

1

response is required. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 2.

3.      The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

**Response**:      The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 3.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**Response**:      The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 4.

**PARTIES**

5.      Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

**Response**:      Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies same.

6.      Defendant ARS is a New York corporation located at 11 Pinchot Court, Suite 110, Amherst, New York 14228 and its Illinois registered agent is National Registered Agents, Inc. located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. ARS is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the

2

State of Illinois.

**Response**: Defendant denies that Defendant ARS is conducting business at 11 Pinchot Court, Suite 110, Amherst, New York 14228. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6, and therefore denies same.

7.    Defendant CLM is a New York corporation and its New York Department of State Process entity and designee is Denisa Piccione located at 455 Commerce Drive, Suite 7, Amherst, New York 14228. CLM is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**Response**: Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and therefore denies same.

8.    Defendant PRM is a New York corporation. Its registered agent and New York Department of State Process entity is United States Corporation Agents, Inc. locates at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228. PRM buys consumer debt and utilizes ARS and CLM as its debt collector to service defaulted debts owed or due or asserted to be owed using the mail and telephone, including consumers in the State of Illinois.

**Response**: Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, and therefore denies same.

FACTS SUPPORTING CAUSE OF ACTION

9.    In December 2017, Plaintiff began receiving calls to his cellular phone from ARS seeking to collect an alleged debt ("subject debt") Plaintiff incurred through MacNeal Hospital.

**Response**: Lacks knowledge or information sufficient to form a belief as to the

3

allegations contained in Paragraph 9, and therefore denies same.

10.     Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendants.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11.     Plaintiff never provided his cellular telephone number to Defendants or otherwise expressly consented to Defendants' phone calls.[1]

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph11, and therefore denies same.

12.     In December 2017, Plaintiff answered a phone call placed by ARS and to Plaintiffs shock, he was informed that an officer was on the way to Plaintiffs home and Plaintiff would be sent to jail if Plaintiff refuses to pay the subject debt. Fearing grave repercussions, Plaintiff tendered payment in the amount of $100 to Defendants and was additionally charged a $5 processing fee.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13.     Plaintiff requested information in writing from Defendants regarding the subject debt, as was his right under the FDCPA. Defendants denied Plaintiffs request.

**Response**:     Defendant denies each and every allegation in Paragraph 13.

14.     Fearing future threats of jail time, Plaintiff agreed to a scheduled payment plan and the following payments were withdrawn from Plaintiffs account:

i.     $278.82 and a $13.94 fee on December 18, 2017;

---

[1] Upon information and belief, defendants obtained Plaintiff's cellular telephone number from a credit report in which Defendants accessed through method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

ii.     $278.82 and a $13.94 fee on January 16, 2018; and

iii.    $178.82 and a $13.94 fee on February 20, 2018.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15.     After not receiving the requested documentation from Defendants, Plaintiff contacted his bank to cancel the card through which payments towards the subject debt were made.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16.     Upon cancelling the card, CLM sent Plaintiff a letter with the heading of "**RECEIPT OF FINAL PAYMENT FOR ACCOUNT PAID IN FULL**." The letter, dated February 19, 2018, listed PRM as the current creditor, MacNeal Hospital as the original creditor, and reflected a balance of $0.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, and therefore denies same.

17.     The letter further stated that "[t]here are no remaining obligations on the part of DANIEL BAEZ."

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18.     Although the letter was dated February 19, 2018, Defendants still withdrew another payment on February 20, 2018 in the amount of $278.82 in addition to a $13.94 fee.

**Response**:     Defendant denies each and every allegation in Paragraph 18.

19.     The letter was confusing in nature and contradicted the designation of the subject debt as it relates to Plaintiff.

**Response**: Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20. The letter initially states that "the account has been *paid* in full." (emphasis added).

**Response**: Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and therefore denies same.

21. The letter then states "[t]his **Receipt of Final Payment** for account *settled* in full should be retained future reference." (emphasis added)

**Response**: Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies same.

22. Plaintiff firmly believed that he had paid the subject debt in full, but Defendants confused Plaintiff as he is unsure as to whether the subject debt was satisfied in its entirety or if he would be deemed to have settled the subject debt for a lesser amount and would face consequences on his credit rating as a result.

**Response**: Defendant denies each and every allegation in Paragraph 22.

23. Plaintiff was later told that he owed a total of about $878 towards the subject debt and only paid around $748. Since December 1, 2017, Plaintiff has paid a total of $883.28 to Defendants towards the subject debt.

**Response**: Defendant denies each and every allegation in Paragraph 23.

24. Defendants intentionally harassed and abused Plaintiff through false threats of jail time for failure to pay the subject debt.

**Response**: Defendant denies each and every allegation in Paragraph 24.

25. Defendants' harassing conduct has severely disrupted Plaintiffs daily life and general well-being as Plaintiff constantly feared serious consequences which were the result of

ultimately baseless threats.

**Response**:    Defendant denies each and every allegation in Paragraph 25.

26.    Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendants from further harassment in the future, thus incurring costs and expenses.

**Response**:    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, and therefore denies same.

### COUNT I- DEFENDANTS' VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

**Response**:    With respect to Paragraph 27, Defendants repeat and reallege their answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 27.

28.    Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**Response**:    Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, and therefore denies same.

29.    Upon information and belief, the subject debt that Defendants were attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

**Response**:    Defendant denies each and every allegation in Paragraph 29.

30.    ARS is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**Response**:    Lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 30, and therefore denies same.

31.     CLM is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31, and therefore denies same.

32.     PRM is a "debt collector" as defined by §1692a(6) because it regularly purchases debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32, and therefore denies same.

33.     Defendants used the mail and telephone to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

**Response**:     Defendant denies each and every allegation in Paragraph 25.

34.     Defendants violated 15 U.S.C. §§1692d, e(4), e(5), e(10), f, g, g(a)(l), g(a)(2), g(a)(3), g(a)(4), and g(a)(5) through its unlawful collection practices.

**Response**:     Defendant denies each and every allegation in Paragraph 34.

**a.     Violations of FDCPA §1692d**

35.     Defendants violated §1692d by engaging in abusive, harassing, and oppressive conduct when they deceived Plaintiff into believing that he will be sent to jail in order to secure payment towards the subject debt.

**Response**:     Defendant denies each and every allegation in Paragraph 35.

**b.     Violations of FDCPA §1692e**

36.     Defendants violated §1692e(4) by stating that he will be sent to jail if he failed to make a payment towards the subject debt.

**Response**:        Defendant denies each and every allegation in Paragraph 36.

37.        Defendants violated §1692e(5) by threatening Plaintiff with jail time and further stating that a police officer was on the way to Plaintiff's home to arrest him and that Plaintiff would have to make a payment towards the subject debt to prevent this from happening. Such threats employed by Defendants involved actions that legally cannot be taken against Plaintiff whether he paid the subject debt or not. Defendants have no authority to force Plaintiff into jail yet made the threat fully intending to coerce Plaintiff into making a payment towards the subject debt.

**Response**:        Defendant denies each and every allegation in Paragraph 37.

38.        Defendants violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure immediate payment of the subject debt, Defendants led Plaintiff to fear for his freedom, thus driving Plaintiff to make a payment immediately.

**Response**:        Defendant denies each and every allegation in Paragraph 38.

**c.        Violation of FDCPA §1692f**

39.        Defendants violated §1692f in that Defendants used unfair and unconscionable means to collect the subject debt by scaring Plaintiff with false threats of jail time for failure to pay the subject debt.

**Response**:        Defendant denies each and every allegation in Paragraph 39.

**d.        Violation of FDCPA §1692g**

40.        Defendants violated §1692g by failing to send Plaintiff a 30-day validation notice within five days of Defendants' initial communication with Plaintiff which states:

i.        g(a)(l) the amount of the debt;

ii.        g(a)(2) the name of the creditor to whom the debt is owed;

     iii.     g(a)(3) the right to dispute the debt within 30 days;

     iv.     g(a)(4) the right to have verification or judgment mailed to Plaintiff; and

     v.     g(a)(5) that the name and address of the original creditor will be provided if the original creditor is different than the current creditor.

**Response**:     Defendant denies each and every allegation in Paragraph 40.

41.     Upon information and belief, Defendants systematically attempt to collect alleged debts through harassing conduct and have no procedures in place to assure compliance with the FDCPA.

**Response**:     Defendant denies each and every allegation in Paragraph 41.

42.     As stated above, Plaintiff was severely harmed by Defendants' conduct.

**Response**:     Defendant denies each and every allegation in Paragraph 42.

**C**OUNT **II- D**EFENDANTS' **V**IOLATIONS OF THE **I**LLINOIS **C**ONSUMER **F**RAUD **A**CT

43.     Plaintiff restates and realleges paragraphs 1 through 26 as through fully set forth herein.

**Response**:     With respect to Paragraph 43, Defendants repeat and reallege their answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 43.

44.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**Response**:     The statute cited in Paragraph 44 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 44.

45.     Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

**Response**:     Lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45, and therefore denies same.

46.     Defendants' collection activities to Plaintiff are "trade" and "commerce" as defined by 815ILCS 505/1(f) of the ICFA.

**Response**:     Defendant denies each and every allegation in Paragraph 46.

47.     Defendants are engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendants specialize in debt collection, which is an activity within the stream of commerce and utilized in their regular course of business.

**Response**:     Defendant denies each and every allegation in Paragraph 47.

48.     Defendants violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in inducing Plaintiff into paying the subject debt. It was unfair for Defendants to threaten Plaintiff with a visit from a police officer that would result in his arrest in order to secure payment towards the subject debt. Defendants' conduct only served to harass and intimidate Plaintiff into paying the subject debt.

**Response**:     Defendant denies each and every allegation in Paragraph 48.

**a.     Unfairness and Deception**

49.     It was unfair and deceptive for Defendants to seek to collect the subject debt from Plaintiff through means of threats and harassment in order to induce him into making a payment

on the subject.

**Response**:    Defendant denies each and every allegation in Paragraph 49.

50.    It was unfair for ARS, acting behalf of all Defendants, to misrepresent to Plaintiff that an officer was coming to his home to arrest him if he failed to make a payment towards the subject debt.

**Response**:    Defendant denies each and every allegation in Paragraph 50.

51.    It was unfair for Defendants to refuse to send to Plaintiff documentation regarding the subject debt. Rather than relying on written verification of the subject debt to secure payment, Defendants relied on threats of jail time to force payment and opted to withhold written proof of the subject debt's validity.

**Response**:    Defendant denies each and every allegation in Paragraph 51.

52.    It was unfair for Defendants to perpetuate their misrepresentation by using deception to establish a payment schedule and withdrawing monthly payments from Plaintiffs account.

**Response**:    Defendant denies each and every allegation in Paragraph 52.

53.    Moreover, Defendants unfair conduct is against public policy because it needlessly subjects consumers to such harassing behavior.

**Response**:    Defendant denies each and every allegation in Paragraph 53.

54.    Upon information and belief, Defendants systematically engage in such harassing conduct against consumers in Illinois in order to aggressively collect debts in default, or assumed to be in default, to increase their profitability at the consumers' expense.

**Response**:    Defendant denies each and every allegation in Paragraph 54.

55.    Upon information and belief, administering such harassing actions against Illinois

consumers is an unfair business practice willfully employed by Defendants and is done on a large scale.

**Response**:        Defendant denies each and every allegation in Paragraph 55.

56.        Additionally, Defendants' unlawful and unfair debt collection efforts gives them an unfair competitive advantage over businesses that collect debts lawfully.

**Response**:        Defendant denies each and every allegation in Paragraph 56.

57.        As alleged above, Plaintiff was substantially harmed by Defendants' misconduct.

**Response**:        Defendant denies each and every allegation in Paragraph 57.

58.        An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendants' harassment.

**Response**:        Defendant denies each and every allegation in Paragraph 58.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

59.        The Amended Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

60.        The claims alleged in the Amended Complaint are barred by the statute of limitations.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

61.        Plaintiff failed to mitigate his damages.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

62.        Plaintiff's claim may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

### FIFTH AFFIRMATIVE DEFENSE

63.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

### SIXTH AFFIRMATIVE DEFENSE

64.     Plaintiff's damages, if any, are speculative.

### SEVENTH AFFIRMATIVE DEFENSE

65.     To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

### EIGHTH AFFIRMATIVE DEFENSE

66.     To the extent Defendant's actions violated the law, such actions were neither intentional, nor willful.

### NINTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

### TENTH AFFIRMATIVE DEFENSE

68.     In the event that the Court determines that the Plaintiff commenced this action in bad faith, the Court should award the Defendants its attorneys' fees and reasonable costs pursuant to 15 U.S.C. §1692k(a)(3).

### ELEVENTH AFFIRMATIVE DEFENSE

69.     Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

WHEREFORE, Defendant Account Discovery Systems, LLC, respectfully requests judgment against Plaintiff dismissing the Complaint in its entirety together with such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with

the costs and disbursements of this action.

DATED:      September 14, 2018

              **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

              /s Brendan H. Little
              Brendan H. Little, Esq.
              Attorneys for Defendant
              50 Fountain Plaza, Suite 1700
              Buffalo, New York 14202
              P: 716-853-5100
              F: 716-853-5199
              blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I electronically filed the foregoing Answer via the CM/ECF system, which should send notice to all counsel of record.

              /s Brendan H. Little
              Brendan H. Little